NICOLAUS DRACH *et al.*

*v.*

ROSINA KAMBERG *et al.*

*Opinion filed October 19, 1900.*

1. APPEALS AND ERRORS—*that one of subscribing witnesses acted as proponents' counsel is not ground for reversal.* That one of the subscribing witnesses to a will acted as one of the solicitors for the proponents on contest is not of itself ground for reversing a decree sustaining the will, although such practice is not to be approved.

2. EVIDENCE—*what will not sustain charge of fraud in execution of will.* A charge that the pencil draft of a will was changed after leaving the testator's hands is not sustained, where the evidence shows that before signing the will the testator carefully compared it with his pencil draft, checked each item and expressed himself as satisfied with the will as prepared.

APPEAL from the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

VOCKE & HEALY, and S. P. DOUTHART, for appellants.

J. J. HOCH, and EDWARD F. COMSTOCK, for appellees.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

Appellants filed their bill seeking to have set aside the last will of William Drach, Sr., deceased, of Chicago, on the ground of mental incapacity, fraud and undue influence. Issues being joined, the cause was tried by

187—25

a jury, who returned a verdict sustaining the will. The verdict being set aside and the cause again being tried, a similar verdict was returned, together with answers to special interrogatories, finding (1) that at the time the testator executed the instrument in question he was of sound and disposing mind; (2) that said execution was not induced by undue influence; and (3) that there was no fraud, directly connected with the execution of the will, practiced upon the deceased. A motion for a new trial being overruled, a decree was entered finding that the will in question had been rightfully admitted to probate and dismissing complainants' bill, from which decree this appeal is prosecuted.

The will in question was executed on the 28th day of December, 1896, in the presence of James G. Hoch, the attorney who drew the will and who is a reputable lawyer of Chicago; of M. Bensinger, who is the president of a well known business firm, he and Hoch being the subscribing witnesses; and of William Drach, Jr., a nephew of the deceased, who is referred to in a pencil draft made of the will by the testator some months before, as living at 2014 Poplar street, Philadelphia, and who is by the will in question, and also by the terms of the pencil memorandum prepared by the deceased, given the bulk of the testator's estate, consisting principally of real estate in the city of Chicago, the total value of which was about $20,000. The will was made some ten days before the testator's death, and a careful reading of the record is convincing, while there is a conflict of evidence as to the degree of mentality possessed by the testator on or about the time he executed the will in question, that the jury were fully warranted in their finding.

It is clear the testator had bestowed considerable thought during the six months prior to his death as to what disposition he would make of his property. He had written his sister, in Philadelphia, (the mother of William Drach, Jr.,) in October, asking about her son and as to

his character, and saying he had been favorably informed as to his honesty and industry, and expressing an intention of leaving him some property. He writes to her again on November 14, 1896, and again mentions William and his desire to give him some of his property. On December 11, 1896, he writes to William, his nephew, and in this letter mentions his will and his intended disposition of his property, and while he does not state in so many words, he implies an intention of leaving him his property. In all these letters the writer seems to have a clear understanding and recollection of what his property consists, of his needs and desires, and of other relatives, for whom he evinces a dislike, and gives as a reason that he had lost money through them.

While it was William, Jr., who took the pencil memorandum to Mr. Hoch to have him put it in shape as a will, both Hoch and Bensinger testify the deceased took the will as drawn, and his own memorandum, to the window, sat down and carefully compared and checked off each item,—and these pencil marks still remain on the pencil memorandum introduced in evidence and incorporated in the record,—and after expressing himself satisfied therewith, he handed the will, as prepared, back, and said, "I believe you have covered it all," and asked that ink be brought, and signed it. Conversation followed, in which he expressed a dislike for his Chicago relatives and in which he talked rationally. The claim that the pencil draft was changed after leaving the deceased's hands is not borne out by the evidence, and the proof of fraud in the execution of the will fails.

Complaint is made of the giving and refusing of instructions, but as there are no instructions shown in the record, and neither record nor abstract shows any exception taken to the giving or refusal of any of the instructions, no error can be assigned in this court thereon.

Complaint is made that James G. Hoch, the subscribing witness, who testified as a witness, acted as one of

the solicitors for the proponents of the will on the trial of the cause. Courts have always discountenanced the practice, and the urgency should be great where a witness should act as counsel, but in the absence of other facts and circumstances it is not ground for reversal. (*Morgan* v. *Roberts*, 38 Ill. 65.) In this case no objection was made to the testimony of Hoch, or motion to exclude, or any exception taken.

The case appears to have been carefully tried, and we find no error in the record, and the decree of the superior court of Cook county is affirmed.

*Decree affirmed.*